# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RICHARD JOHNSTON,

    Plaintiff,

v.

KAREN GEDNEY, *et al.*,

    Defendants.

Case No.: 3:16-cv-00754-MMD-WGC

**Order**

Re: ECF No. 62

Plaintiff has filed a Motion to Stay Proceedings Until Discovery is Completed. (ECF No. 62.)

In his motion, Plaintiff states that he has been "denied all meaningful opportunities to discovery materials before responding to Defendants' Summary Judgment Motion" and asks that discovery be permitted before the court rules on Defendants' motion for summary judgment. Plaintiff's motion is denied for the reasons discussed below.

## I. BACKGROUND

This case was filed in 2016, and the court issued a screening order on December 8, 2017, allowing Plaintiff to proceed with his Eighth Amendment deliberate indifference to serious medical needs claim against defendants Dr. Gedney and Dr. Aranas related to the alleged failure to adequately treat his back pain. (ECF No. 3.) Defendants filed their answer on May 7, 2018, and the court entered its initial scheduling order on May 8, 2018, setting the discovery deadline for August 6, 2018, and the dispositive motions deadline for September 5, 2018. (ECF No. 19.)

On June 6, 2018, Plaintiff filed with the court two documents containing a single interrogatory directed to defendants Gedney and Aranas. (ECF Nos. 24, 25.) The interrogatory asked how many times each defendant had been sued for failing to treat serious medical needs at

NDOC, and to provide copies of all such lawsuits. The same day, Plaintiff also filed a notice that he sent to counsel for Defendants a Rule 34 request for his complete medical file and Utilization Panel file. (ECF No. 26.) The court ordered ECF Nos. 24 and 25 stricken from the record because under Local Rule 26-8, a party is prohibited from filing discovery papers or documents with the court unless ordered to do so. (ECF No. 27.)

On June 11, 2018, Plaintiff filed a motion for an enlargement of time *only* with respect to the deadline in the scheduling order for adding parties/amending, which the court denied without prejudice. (ECF Nos. 28, 29.) Plaintiff made no reference to the discovery deadline and did not seek an extension of the August 6, 2018 deadline.

On August 20, 2018, *after* the discovery deadline had already passed, Plaintiff filed a motion to stay proceedings because he was transferred to HDSP for treatment of his back pain and for possible surgery. (ECF No. 32.) He did not include any specific discussion about the scheduling order deadlines, or whether he still needed to complete discovery, even though the discovery deadline had already passed. The court denied the motion, but extended the dispositive motions deadline until November 5, 2018. (ECF No. 33.)

The court subsequently granted several motions filed by Defendants to extend the dispositive motions deadline because of representations made that Plaintiff had yet to undergo recommended back surgery and a declaration from Plaintiff's treating provider would need to be included with any motion for summary judgment. (ECF Nos. 34, 35, 37, 38.) The dispositive motion was ultimately extended to May 6, 2019, and at that point the court advised the parties there would be no further extensions granted. (ECF No. 38.) When Plaintiff filed a motion requesting the status of the case, the court advised Plaintiff of this deadline a second time.

(ECF No. 40.) In his request for a status check, Plaintiff did not mention anything about needing to conduct further discovery.

On March 25, 2018, Plaintiff filed a motion for evaluation by an orthopedic specialist, which the court interpreted as a motion for appointment of an expert and denied. (ECF No. 47.)

Defendants filed their motion for summary judgment on May 6, 2019. (ECF Nos. 50, 50-1, 52-1 to 52-4.) Plaintiff requested an extension of time up to July 29, 2019, to file his response to Defendants' motion for summary judgment. (ECF No. 55.) The basis of the request was that Plaintiff had not received the motion for summary judgment and needed to review it in order to file a response. In addition, he asserted that he needed more time to respond because he had to wait for a copy of case law from the law library. Plaintiff did not indicate that he needed additional time to conduct discovery. The court granted the motion, ordered the Clerk to send him a copy of the motion for summary judgment, and advised Plaintiff that no further extensions would be granted. (ECF No. 57.)

Plaintiff filed his response and counter motion for summary judgment on July 23, 2019. (ECF Nos. 60, 61.) He filed this motion requesting a stay of proceedings until discovery is completed on the same date. (ECF No. 62.)

## **II. DISCUSSION**

In his motion, Plaintiff states that Defendants have failed to disclose any discovery to Plaintiff, and that they filed their motion for summary judgment "before discovery." He claims he was denied all meaningful opportunity to discover and develop evidence material to this case. He argues that discovery should be permitted before the court rules on the pending motion for summary judgment, citing Federal Rule of Civil Procedure 56(f) (now 56(d)). He submits with his motion three subpoenas that he states must be served and responded to before the court may

rule on the motion for summary judgment. The subpoenas request medical records from: Dr. Richard D. Long, Aurangzeb, Nagy, M.D. at Nevada Brain and Spine, and Dante F. Vacca, M.D., of Sierra Neurosurgery Group. He asks that the responses be directed to his "clerical representative," Edward T. Reed, Esq.

Plaintiff does not explain why he was unable to complete discovery before the August 6, 2018 deadline, or why he did not raise the issue of needing to conduct additional discovery until well *after* the expiration of the discovery deadline *and* after he already filed his response to Defendants' pending motion for summary judgment.

Plaintiff's response to the motion for summary judgment and counter-motion do not argue that he was not given adequate opportunity to conduct discovery or that he needed to conduct further discovery in order to respond to the motion.

Insofar as Plaintiff's motion can be interpreted as a request to amend the scheduling order deadline for discovery, the motion is denied.

First, Local Rule 26-4 requires a motion to extend a deadline set forth in a discovery plan to be received by the court at least 21 days before the expiration of that deadline, and if that is not done the moving party must demonstrate that the failure to do so was the result of excusable neglect. Plaintiff has requested an extension of time to conduct discovery nearly *one year after the discovery deadline*, and has not made the requisite showing that the failure to timely seek an extension of the discovery deadline was due to excusable neglect.

Plaintiff mentions that he tried to "file" interrogatories to defendants Gedney and Aranas, but they were stricken by the court. Plaintiff did in fact "file" interrogatories to the defendants with the court. (ECF Nos. 24, 25.) The court issued an order striking those documents and advising Plaintiff that under Local Rule 26-8, parties are not to file discovery papers and

4

documents unless ordered by the court. (ECF No. 27.) Instead, Plaintiff is required under the Federal Rules to *serve* the discovery *on the party* from whom a response is sought. Fed. R. Civ. P. 33(a) (interrogatories), Fed. R. Civ. P. 34(a) (requests for production of documents), Fed. R. Civ. P. 36(a) (requests for admission). It is not clear whether Plaintiff did so separately or not. In any event, those interrogatories, which only asked whether the defendants had been sued for deliberate indifference to serious medical needs before, would not be relevant to opposing Defendants' motion for summary judgment, which is geared at the conduct they allegedly undertook relative to Plaintiff's complaints of back pain.

Finally, a motion to extend a discovery deadline or reopen discovery is required to state what discovery has been completed, what discovery remains to be completed, the reasons why the deadline was not satisfied within the time limits set, and a proposed schedule for completing the remaining discovery. LR 26-4. Plaintiff failed to address these items, which is an additional basis for denying his motion.

Insofar as the motion is interpreted as a request under Federal Rule of Civil Procedure 56(d), the motion is also denied.

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"Rule 56(d) provides a 'device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). "A party seeking additional discovery under Rule 56(d) must 'explain what

further discovery would reveal that is essential to justify [its] opposition to the motion[ ] for summary judgment.'" *Id.* (quoting *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (alterations original, quotations omitted).

"A party seeking to delay summary judgment for further discovery must state 'what other *specific* evidence it hopes to discover [and] the relevance of that evidence to its claims.'" *Id.* (quoting *Program Eng'g*, 634 F.2d at 1194) (alteration and emphasis original). "In particular, '[t]he requesting party must show [that]: (1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Id.* (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)) (emphasis and alteration original).

Plaintiff has not indicated what discovery he needs to undertake, what facts he hopes to elicit from that discovery or how they are essential to oppose the motion for summary judgment. Instead, he has simply filed a blanket request for a stay of proceedings and attaches three subpoenas for his medical records *after* he already filed a response and counter-motion for summary judgment. Having failed to satisfy the requirements of Rule 56(d), Plaintiff's request for a stay of proceedings on the basis that he needs to conduct further discovery is denied.

### III. CONCLUSION

Plaintiff's motion (ECF No. 62) is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 30, 2019.

*William G. Cobb*
William G. Cobb
United States Magistrate Judge