|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | RICHARD JOHNSTON, | Case No.: 3:16-cv-00754-MMD-WGC |
| 4 | Plaintiff | **Order** |
| 5 | v. | Re: ECF No. 63 |
| 6 | KAREN GEDNEY, et. al., | |
| 7 | Defendants | |

Plaintiff has filed a Motion for Leave to Amend Complaint to add new defendants and claims and a proposed amended complaint. (ECF Nos. 63, 63-2.) Specifically, Plaintiff seeks to add as defendants Drs. Johns and Naughton and assert an Eighth Amendment deliberate indifference to serious medical needs claim against them.

## I. BACKGROUND

This case was filed in 2016, and the court issued a screening order on December 8, 2017, allowing Plaintiff to proceed with his Eighth Amendment deliberate indifference to serious medical needs claim against defendants Dr. Gedney and Dr. Aranas related to the alleged failure to adequately treat his back pain. (ECF No. 3.) The complaint specifically discusses Dr. Johns' and Dr. Naughton's involvement in his care at NDOC. The complaint alleged that Dr. Johns referred Plaintiff to NDOC's orthopedic specialist, Dr. Long, in March of 2014; he saw Dr. Johns in December of 2015, and she ordered an updated MRI as well as a second mattress, a back brace and a walker; when he did not receive the second mattress, Dr. Johns submitted a second order for the second mattress and he received it three days later; he was scheduled to see Dr. Naughton

in September/October 2016 and was advised he would be scheduled to receive epidural injections for his back pain, but he never received the epidural injections. (ECF No. 4 at 4-6.) Plaintiff did not name Dr. Johns or Dr. Naughton in the caption of the complaint. Count I asserts that Dr. Gedney was deliberately indifferent to his serious medical needs because she knew of his lumbar spine deterioration but failed to treat him for his pain. (*Id*. at 9.) Count II alleges that Dr. Aranas was deliberately indifferent because he knew of Plaintiff's deteriorating lumbar condition and requests for pain management and treatment because he reviewed Plaintiff's grievances, but he failed to intervene. (*Id.* at 10.) The complaint does contain a single sentence stating that Dr. Johns was responsible for providing the updated standard of care but failed to do so (*id*. at 6); however, there is no count directed at Dr. Johns, and no other specific allegations alleging a constitutional violation on her part. Nor is there any count directed at Dr. Naughton or any other specific allegations against Dr. Naughton.

      Defendants Drs. Gedney and Aranas filed their answer on May 7, 2018, and the court entered its initial scheduling order on May 8, 2018, setting, among other things, the deadline to file a motion for leave to amend or add or join additional parties of July 7, 2018. (ECF No. 19.)

      On June 11, 2018, Plaintiff filed a motion asking to extend the July 7, 2018 deadline to add parties or amend the complaint, stating that discovery would not be completed by that time. (ECF No. 28.) The court denied the motion without prejudice. The court noted that Plaintiff was allowed to proceed on his claim of deliberate indifference to a serious medical need against Drs. Gedney and Aranas related to his claim that they knew of and refused to provide treatment for his chronic back pain. The court advised Plaintiff that even without formal discovery, he would be aware of any other NDOC provider that allegedly denied him care or treatment since the original complaint was filed, and could access his NDOC medical records to discover such

2

information. The court advised Plaintiff that if in between the time of the order (June 12, 2018) and the close of discovery, Plaintiff ascertained the identity of additional providers who were allegedly deliberately indifferent to his serious medical needs, he could seek leave to file an amended complaint beyond the current deadline in the court's scheduling order if he could demonstrated good cause as to why he could not have named the additional healthcare providers earlier. (ECF No. 29.)

The August 6, 2018 deadline passed, without Plaintiff seeking any extension or filing a motion for leave to amend. On August 20, 2018, *after* the discovery deadline had already passed, Plaintiff filed a motion to stay proceedings because he was transferred to HDSP for treatment of his back pain and for possible surgery. (ECF No. 32.) He did not include any specific discussion about the scheduling order deadlines, or discuss the need to complete discovery or seek leave to amend his complaint to add additional healthcare providers.

Defendants filed their motion for summary judgment on May 6, 2019. (ECF Nos. 50, 50-1, 52-1 to 52-4.) Plaintiff requested an extension of time up to July 29, 2019, to file his response to Defendants' motion for summary judgment. (ECF No. 55.) He did not indicate a need to conduct further discovery or amend his complaint at that time. The court granted the motion. (ECF No. 57.) Plaintiff filed his response to the motion for summary judgment and counter-motion for summary judgment on July 23, 2019. (ECF Nos. 60, 61.) He concurrently filed this motion for leave to amend and proposed amended complaint. (ECF No. 63, 63-2.)

In his motion, Plaintiff states that he saw Dr. Dante Vacca of Sierra Neurosurgery in June of 2018, and surgery was recommended. He states that Drs. Johns and Naughton tried to talk Plaintiff out of back surgery, but he disagreed, and a second opinion was ordered. He was

transported to Las Vegas and was evaluated by Dr. Ramon Nagg, who recommended a more intensive back surgery than was recommended by Dr. Vacca.

The proposed amended complaint is essentially the same as the original complaint but adds Drs. Johns and Naughton as defendants and asserts a claim of deliberate indifference against them. The proposed amended complaint, like the original complaint, alleges that in March of 2014, Dr. Johns referred Plaintiff to NDOC's orthopedic specialist, Dr. Long; in December of 2015, Dr. Johns ordered an updated MRI and second mattress, as well as a back brace and walker; when he did not get the second mattress, Dr. Johns submitted another order and he received it three days later; he saw Dr. Naughton in September/October of 2016, and scheduled Plaintiff for epidural injections but he never received them. Plaintiff adds an allegation that he received back surgery on February 28, 2019.

Counts I and II of the proposed amended complaint are the same as Counts I and II of the original complaint against Drs. Gedney and Aranas. The proposed amended complaint adds Count III, which alleges that Drs. Johns and Naughton were deliberately indifferent. Plaintiff avers that Dr. Naughton denied countless medical requests for therapy treatment and orthopedic specialist treatment to alleviate his back pain, and that Drs. Johns and Naughton knew of and disregarded his lumbar deterioration.

## II. DISCUSSION

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

4

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

Where, however, a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id*. (emphasis original). Rule 16 expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex. rel. Farnan v. Capistrano Unified School Dist*., 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment … Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609 (9th Cir. 1992) (citation and quotation marks omitted) (emphasis added). "Unlike Rule 15(a)'s liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. In other words, "'[t]he focus of the inquiry is upon the moving party's reasons for seeking modification.'" *Farnan*, 654 F.3d at 984 (quoting Johnson, 975 F.3d at 609). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Plaintiff has filed this motion for leave to amend well after the expiration of the scheduling order deadline to move to amend to add claims or parties. In fact, when he initially sought to extend this deadline, the court explicitly advised him that should he discover the involvement of additional providers by the close of discovery he could move to amend at that point. Plaintiff did not do so. Nor has he demonstrated good cause for failing to seek leave to amend earlier. Insofar as the court can tell, the allegations of the proposed amended complaint as to Drs. Johns and Naughton are the same as the bare allegations contained within the original complaint. Thus, Plaintiff knew of the conduct that supported an alleged constitutional violation from the outset, but failed to file his motion for leave to amend to add these doctors as defendants and assert claims against them until well after the relevant deadlines had expired. Instead, he waited until after the current Defendants had filed a motion for summary judgment and he had filed his response and counter-motion for summary judgment.

In sum, Plaintiff has not demonstrated good cause to justify allowing amendment after the scheduling order deadline. Therefore, the motion for leave to amend is denied.

### III. CONCLUSION

Plaintiff's motion for leave to amend (ECF No. 63) is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 30, 2019.

_____
William G. Cobb
United States Magistrate Judge