UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD JOHNSTON, | Case No. 3:16-cv-00754-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| KAREN GEDNEY, *et al.*, | |
| Defendants. | |

## I. SUMMARY

This is a civil rights case involving Plaintiff Richard Johnston, who is in the custody of the Nevada Department of Corrections. Before the Court are Plaintiff's objections to Judge Cobb's orders denying Plaintiff's motions to stay proceedings and for leave to file an amended complaint. (ECF Nos. 69, 70.) The Court has reviewed Defendants' responses. (ECF Nos. 75, 76.) Plaintiff filed replies (ECF Nos. 79, 80), but the Court will order these replies struck from the docket. *See* LR IB 3-1(a) ("Replies will be allowed only with leave of the court."). For the following reasons, the Court overrules Plaintiff's objections.

## II. BACKGROUND

The Court adopts the background as described in Judge Cobb's orders. (ECF No. 65 at 1-3; ECF No. 66 at 1-4.)

## III. LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate

judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

**IV. FIRST OBJECTION (ECF NO. 69)**

Plaintiff's first objection relates to Judge Cobb's denial of a motion to stay proceedings until discovery is completed (ECF No. 62). In that motion, Plaintiff argued that he was denied all meaningful opportunity to discover and develop evidence material to this case; that Defendants have not produced or disclosed any discovery whatsoever; and that he should be permitted discovery before the Court rules on the pending motion for summary judgment. (*Id.* at 2.) Plaintiff also filed three subpoenas *duces tecum* regarding medical records. (*Id.* at 4-9.)

Judge Cobb evaluated the motion as both a request to amend the scheduling order and as a motion made under Federal Rule of Civil Procedure 56(d). (ECF No. 65 at 3-6.) Judge Cobb denied the motion to the extent it constituted a request to amend the scheduling order based primarily on Plaintiff's failure to comply with LR 26-4. (*See id.* at 4-5.) Judge Cobb denied the motion to the extent it constituted a Rule 56(d) motion because Plaintiff did not comply with Rule 56(d). (*Id.* at 5-6.) For example, Plaintiff did not indicate what discovery he needed to undertake or what facts he hoped to elicit from discovery. (*Id.*) Judge Cobb's decision seems to have been based in large part on Plaintiff's failure to make his request until a year after the close of discovery. (*See id.* at

1 | 4.) Judge Cobb also noted that Plaintiff filed a response to Defendants' motion for summary judgment as well as a counter-motion for summary judgment before filing his motion to stay. (*Id.* at 6.)

Plaintiff primarily argues in his objection that Judge Cobb clearly erred because Plaintiff did not have the legal box that contained the records of his case and because he is a layperson who is incarcerated. (*See* ECF No. 69 at 6.) While the Court is sympathetic to the challenges Plaintiff faces as an incarcerated litigant, Plaintiff has not demonstrated that Judge Cobb clearly erred in denying Plaintiff's motion. Regardless of Plaintiff's circumstances, Plaintiff did not comply with LR 26-4 or Rule 56(d).

Accordingly, the Court will overrule Plaintiff's first objection.

### V.  SECOND OBJECTION (ECF NO. 70)

Plaintiff's second objection relates to his motion for leave to amend his complaint (ECF No. 63). In that motion, Plaintiff sought to add as defendants Drs. Johns and Naughton and assert an Eighth Amendment deliberate indifference to serious medical needs claim against them. (*Id.* at 2.)

Judge Cobb denied the motion because Plaintiff did not show good cause for amendment under Federal Rule of Civil Procedure 16. (ECF No. 66 at 5-6.) Judge Cobb noted that the allegations of the proposed amended complaint as to Drs. Johns and Naughton were the same as the bare allegations contained within the original complaint. (*Id.* at 6.) Thus, Judge Cobb pointed out, "Plaintiff knew of the conduct that supported an alleged constitutional violation from the outset, but failed to file his motion for leave to amend to add these doctors as defendants and assert claims against them until well after the relevant deadlines had expired." (*Id.*)

In his objection, Plaintiff argues that Judge Cobb clearly erred because Plaintiff did not have the legal box that contained the information he had about this case. (ECF No. 70 at 4.) Plaintiff also argues that Judge Cobb erred because the deadline for filing an amended complaint kept moving. (*Id.* at 5.) Although the Court is sympathetic to the challenges a layperson faces in litigating his own case, Judge Cobb did not clearly err in

enforcing the discovery deadlines in this case. And although Plaintiff is proceeding *pro se*, he "must follow the same rules of procedure that govern other litigants." *Tagle v. Nevada*, No. 3:16-cv-00148-MMD-WGC, 2017 WL 6596588, at *2 (D. Nev. Dec. 26, 2017) (citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984)).

Accordingly, the Court will overrule Plaintiff's second objection.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the objections before the Court.

It is therefore ordered that Plaintiff's objections (ECF Nos. 69, 70) are overruled.

It is further ordered that the Clerk of the Court strike Plaintiff's replies (ECF Nos. 79, 80) from the docket.

DATED THIS 21st day of October 2019.

                                MIRANDA M. DU
                                CHIEF UNITED STATES DISTRICT JUDGE