|    |    |
|----|----|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| RICHARD JOHNSTON, *et al.*, | Case No. 3:16-cv-00754-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| KAREN GEDNEY, *et al.* | |
| Defendants. | |

**I. SUMMARY**

Plaintiff Richard Johnston, an incarcerated person in the custody of the Nevada Department of Corrections ("NDOC"), filed this action *pro se* under 42 U.S.C. § 1983. Plaintiff alleges that Defendants Dr. Karen Gedney and Dr. Romeo Aranas violated his Eighth Amendment right by being deliberately indifferent to his medical needs related to his back injury. (ECF No. 1-1 at 2-3.)

Before the Court is a Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") (ECF No. 84) recommending that the Court grant Defendants' motion for summary judgment ("Defendants' Motion") (ECF No. 50) and deny Plaintiff's cross-motion for summary judgment ("Cross-Motion") (ECF No. 61). Plaintiff filed an objection to the R&R ("Objection").[1] (ECF No. 86.) As discussed further below, the Court agrees with Judge Cobb's reasoning and adopts the R&R in full.

///

---

[1]The Court has also reviewed the briefs relating to Defendants' Motion and Plaintiff's Cross-Motion (ECF Nos. 60, 67, 68, 71, 72, 81), as well as Defendants' response to Plaintiff's Objection (ECF Nos. 87). The Court strikes Plaintiff's reply in support of his Objection (ECF No. 88) because Plaintiff did not seek leave of court to file his reply and because the issues were thoroughly briefed. *See* LR IB 3-2(a) ("Replies will be allowed only with leave of court.")

## II. BACKGROUND

In 2000 or 2001, Plaintiff sustained back injuries that got progressively worse after he was incarcerated in 2006. (ECF No. 1-1 at 3.) Although Plaintiff has detailed lengthy facts involving numerous doctors who examined and/or treated his injury, Defendants' involvement with Plaintiff are limited.

Plaintiff underwent an MRI scan in June 2014. (ECF No. 4 at 16.[2]) Even though Dr. John (not a defendant in this case) reviewed the MRI results and determined that it did not present a "definite surgical problem" (ECF No. 52-1 at 15), no doctor had explained the MRI results to Plaintiff (ECF No. 4 at 16). On February 10, 2016, Plaintiff submitted a medical kite about this issue. (ECF No. 4 at 16.) During a clinical visit on February 18, 2016, Dr. Gedney read Plaintiff his MRI results and explained that Plaintiff's injury had gotten worse. (ECF No. 4 at 20.) Dr. Gedney changed Plaintiff's prescription to muscle relaxers that would "help[] more" and added Elavil to decrease nerve pain. (ECF No. 52-2 at 5; *see also* ECF No. 4 at 26.) Dr. Gedney's notes reflected that an MRI was pending. (ECF No. 52-2 at 5.)

On March 28, 2016, Plaintiff submitted a first level grievance requesting to be seen and treated by back surgeon and pain management specialist because, *inter alia*, Dr. Gedney informed Plaintiff that the MRI showed that Plaintiff's injury had gotten worse. (ECF No. 4 at 18-22.) T. Wickham (presumably an NDOC officer) responded that Plaintiff's medical record was reviewed, diagnostic tests had been ordered for Plaintiff and he was seen by an orthopedic specialist to discuss treatment. (*Id.* at 19.)

On April 29, 2016, Plaintiff submitted a second level grievance. (*Id.* at 23-31.) He disputed T. Wickham's statement that he had been seen by an orthopedic specialist,

---

[2]"Plaintiff attached the unauthenticated [grievances and reports to his Complaint.] Because [P]laintiff proceeds *pro se* and, as discussed, the exhibits fail to establish [P]laintiff's entitlement to summary judgment, the [C]ourt ignores [P]laintiff's failure to properly authenticate." *Howard v. Baker*, No. 3:13-CV-00163-MMD, 2015 WL 1412742, at *6 n.3 (D. Nev. Mar. 27, 2015); *see also Ahuja v. W. United Ins. Co.,* No. 3:13-CV-00038-MMD, 2015 WL 5310751, at *5 (D. Nev. Sept. 11, 2015) ("Whether the authentication requirement should be applied to bar evidence when its authenticity is not actually disputed is . . . questionable.") (citation omitted).

1  pointing out that he was seen by Dr. Gedney instead. (*Id.* at 27.) He reiterated that he
2  had not been seen by a back surgeon or pain management specialist. (*Id.* at 28.) A
3  grievance report by J. Keast and V. Austin—containing a stamp with Dr. Arana's name
4  and signature and a date of July 5, 2016—indicates that Plaintiff's grievance had been
5  resolved. (ECF No. 4 at 24.) The report specifically states that Plaintiff had been seen by
6  a physician, he was scheduled for an upcoming MRI and, once the MRI results were in,
7  a physician would review them and Plaintiff would be referred to the orthopedic clinic. (*Id.*)

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id*. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

///

## B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence

of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

In light of Plaintiff's objection to the R&R, this Court has engaged in a *de novo* review to determine whether to adopt the R&R. Upon reviewing the R&R and records in this case, this Court finds good cause to adopt Judge Cobb's R&R in full and overrules Plaintiff's objection.

While Plaintiff and Defendants agree that Plaintiff suffered from a serious medical need, they fundamentally dispute whether Defendants intentionally delayed Plaintiff's treatment and therefore acted with deliberate indifference. (ECF No. 84 at 15.) Judge Cobb found that there is no evidence indicating that Defendants knew of and disregarded a risk to Plaintiff's health. (*Id.* at 21.) Plaintiff's Objection reasserts his prior arguments.

Plaintiff claims that Dr. Gedney intentionally delayed Plaintiff's treatment by (1) failing to share Plaintiff's 2014 MRI results for two years and by (2) disregarding Plaintiff's repeated requests for surgery and for (3) an evaluation by an independent orthopedic pain management specialist. (ECF No. 86 at 8-9; ECF No. 88 at 5-7.) The Court agrees with Judge Cobb that there is no evidence that Dr. Gedney had seen Plaintiff before their first meeting in February 18, 2016 or that Dr. Gedney knew Plaintiff had not received his MRI results prior to Plaintiff's medical kite. (ECF No. 84 at 19.) Furthermore, as Judge Cobb found, Plaintiff's mere "difference of opinion" with Dr. Gedney's chosen course of treatment does not amount to deliberate indifference. (*Id.* at 16, 20.) *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citation omitted). In light of a pending MRI at the time

5

1 and Dr. Long's note that his review of the 2014 MRI report did not present a definite
2 surgical problem, Dr. Gedney's decision to adjust Plaintiff's medication and await an
3 updated MRI was not "medically unacceptable under the circumstances." (ECF No. 84 at
4 16-17.) *Snow*, 681 F.3d at 988. As such, the Court agrees with Judge Cobb that Plaintiff
5 has not demonstrated a genuine dispute of fact that Dr. Gedney acted with deliberate
6 difference to Plaintiff's injury. (ECF No. 84 at 20-21.)

Plaintiff objects that Dr. Aranas acted with deliberate indifference by signing off on the second level grievance and thereby condoning Dr. Gedney's conduct. (ECF No. 86 at 8; ECF No. 88 at 8.) As Judge Cobb noted, this evidence alone does not establish that Dr. Aranas knew of or disregarded a risk to Plaintiff's health. (ECF No. 84 at 3.) To the contrary, the response to the second level grievance reflected that Plaintiff had been receiving medical evaluations and was scheduled for further appointments (ECF No. 4 at 24), which in fact occurred (ECF No. 52-1 at 3). The Court therefore agrees with Judge Cobb that Plaintiff has not demonstrated a genuine dispute of fact that Dr. Aranas acted with deliberate difference to Plaintiff's injury. (ECF No. 84 at 20-21.)

For the foregoing reasons, the Court overrules Plaintiff's objections, grants Defendants' Motion and denies Plaintiff's Cross-Motion.[3]

**V.    CONCLUSION**

It is therefore ordered, adjudged and decreed that the R&R of Judge Cobb (ECF No. 84) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 50) is granted.

It is further ordered that Plaintiff's cross-motion for summary judgment (ECF No. 61) is denied.

///

---

[3]Plaintiff also objects that Judge Cobb erred in denying his motion to amend to add additional defendants, but this Court already considered and rejected Plaintiff's argument. (ECF No. 85 at 1.) Plaintiff also objects to the R&R on grounds that Judge Cobb is biased, but Plaintiff provides no support for this assertion. (ECF No. 88 at 5.) There is simply no evidence of bias.

6

The Clerk of Court is directed to enter judgment in Defendants' favor in accordance with this order and close this case.

DATED THIS 25th day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE