UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD JOHNSTON,<br><br>         Plaintiff,<br> v.<br><br>KAREN GEDNEY, *et al.*<br><br>         Defendants. | Case No. 3:16-cv-00754-MMD-WGC<br><br>ORDER |

Plaintiff Richard Johnston, an incarcerated person in the custody of the Nevada Department of Corrections ("NDOC"), filed this action *pro se* under 42 U.S.C. § 1983. Plaintiff alleges that Defendants Dr. Karen Gedney and Dr. Romeo Aranas violated his Eighth Amendment right by being deliberately indifferent to his medical needs related to his back injury. (ECF No. 1-1 at 2-3.) The Court adopted the Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 84) and granted Defendants' motion for summary judgment (ECF No. 50) and denied Plaintiff's cross-motion for summary judgment (ECF No. 61). (ECF No. 89 ("Order").) Before the Court is Plaintiff's motion for reconsideration of the Court's Order ("Motion").[1] (ECF No. 91.)

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Motions for

---

[1] The Court has also reviewed Defendants' response to the Motion (ECF No. 92) and Plaintiff's reply (ECF No. 95).

reconsideration are not are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Here, Plaintiff does not present the Court with newly discovered evidence or an intervening change in the law. Rather, Plaintiff argues that the Order is manifestly unjust because Defendants failed to produce Plaintiff's Complete Utilization Panel File, which Plaintiff claims would have revealed evidence that bolster his Eighth Amendment claim. (ECF No. 91 at 1-2, 5.) Because Plaintiff raises this argument for the first time in the Motion—and not in his objection to the R&R—the Court declines to consider it. *See Northwest Acceptance Corp. v. Lynnwood Equip.,* 841 F.2d 918, 925-26 (9th Cir.1988) (holding that district court has discretion not to consider claims not raised until motion for reconsideration).

Plaintiff's Motion also requests relief to file *nunc pro tunc* objections to Judge Cobb's orders denying Plaintiff's motion to stay proceedings (ECF No. 33) and motion to extend time (ECF No. 35). (ECF No. 91 at 4.) These orders were filed on August 21, 2018 and November 6, 2018, respectively. Plaintiff has not demonstrated good cause to support his requests to file objections to orders issued over a year ago.[2] *See Williams v. Marks*, No. 3:17-cv-355-MMD-WGC, 2019 WL 1804759, at *1 n.1 (D. Nev. Apr. 24, 2019) (applying good cause standard in granting motion for enlargement of time *nunc pro tunc*). Contrary to what Plaintiff may suggest (*see* ECF No. 91 at 6; ECF No. 91-2 at 2), *pro se* litigants are not excused from following court rules. *See, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, the Court denies Plaintiff's requests.

---

[2]Plaintiff had 14 days to appeal Judge Cobb's pretrial rulings. *See* LR IB 3-1(a). Plaintiff argues that he could not adequately object to Judge Cobb's orders because he was placed in a maximum-security prison on July 17, 2018 and did not have access to his legal box or other legal resources. (ECF No. 91 at 4, 6; ECF No. 91-2 at 4.) But the Court is not persuaded. Plaintiff claims he relied on a friend to help him file a motion to stay on August 20, 2018 (ECF No. 32), but he does not dispute that he personally filed a Motion Request for Status Check on February 11, 2019 (ECF No. 39) and a Motion for Evaluation by Orthopedic Specialist on March 1, 2019 (ECF No. 41). Plaintiff presumably had access to legal materials during that time and could have filed objections to Judge Cobb's orders.

2

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 91) is denied.

DATED THIS 6th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE